UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CATERPILLAR, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 06 C 5449 |
| | ) | |
| ESTATE OF ANTHONY E. COLE, | ) | |
| ESTATE OF VELTON LACEFIELD | ) | |
| COLE, ANTHONY A. COLE, and | ) | |
| ALLISON H. COLE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the cross motions of Defendants Estate of Anthony E. Cole, Estate of Velton Lacefield Cole, and Anthony A. Cole and Allison H. Cole for summary judgment on the interpleader complaint of Plaintiff Caterpillar, Inc. For the reasons set forth below, the motion of the Estate of Anthony E. Cole is granted. The motions of Anthony A. Cole and Allison H. Cole and Velton Lacefield Cole are denied without prejudice.

## BACKGROUND

Anthony E. Cole ("Anthony E.") was formerly employed by Caterpillar. As part of his employment, he participated in a 401(k) retirement plan regulated by the

Employee Retirement Income Security Act of 1974. In August 1998, he designated Anthony A. Cole ("Anthony A.") and Allison H. Cole, his son and daughter (collectively referred to as "the children"), as the sole beneficiaries to his assets under the plan in the event of his death. He specified that he wished the two to take in equal shares. At that time, he was unmarried.

On August 8, 1999, Anthony E. married Velton Lacefield ("Velton"). After the couple had been married for a year, the plan specified that Velton became entitled to 50% of her husband's assets in the plan upon his death, regardless of the prior designation of his son and daughter as sole beneficiaries. In May 2002, Anthony E. executed a second beneficiary form adding her as a beneficiary. A spousal consent section was included on the form to permit Velton to indicate her agreement to forego her automatic entitlement as spouse to 50% of Anthony E.'s assets. The form explained that, in the absence of such consent, the 50% entitlement remained in place regardless of the naming of other beneficiaries. That portion of the May 2002 form is not executed. The box indicating that the plan participant wanted the named beneficiaries to take in equal shares is not checked, as it had been on the prior form.

On October 27, 2003, Anthony E. filed a petition for dissolution of his marriage to Velton in the Circuit Court of Cook County (Case No. 2003D011389). Less than a month later, the petition was dismissed on his motion with no judgment entered.[1]

On August 3, 2005, Velton and Anthony E. both died of gunshot wounds.[2] It is undisputed that, medically speaking, Velton died before Anthony E. As of that date, the value of Anthony E.'s plan assets was $409,736.91.

In October 2006, Caterpillar filed an interpleader action, naming Anthony E.'s estate, Velton's estate, Allison, and Anthony A. as defendants. The complaint seeks a declaration of the proper distribution of Anthony E.'s plan assets and to enjoin any party from pursuing a claim against the plan assets until the proper distribution can be determined.

The defendants have each filed motions for summary judgment, asserting their respective positions on the correct recipients of and allocation for the plan assets.

---

[1]None of the parties provided evidence of the divorce proceedings or their outcome. However, case information is publicly available, and we may take judicial notice of the contents of other courts' dockets even if the parties do not supply them. *See In re Salem*, 465 F.3d 767, 771 (7th Cir. 2006).

[2]The precise events of that day have yet to be definitively established but, according to representations made in the parties' briefs, they are the subject of a suit pending in the Law Division of the Circuit Court of Cook County (Case No. 2006-L-066010). The case was sent to the trial calendar on May 21, 2007.

# LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. <u>See</u> Fed. R. Civ. Proc. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. Proc. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." <u>Celotex</u>, 477 U.S. at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. Proc. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); rather, "[a] genuine issue exists when the evidence is such that a reasonable jury could find for the non-movant." *Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir. 1994). When reviewing the record we must draw all reasonable inferences in favor of the non-movant; however, "we are not

required to draw every conceivable inference from the record–only those inferences that are reasonable." *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991).

When parties file cross motions for summary judgment, each motion must be assessed independently, and denial of one does not necessitate the grant of the other. *M. Snower & Co. v. United States*, 140 F.2d 367, 369 (7th Cir. 1944). Rather, each motion evidences only that the movant believes it is entitled to judgment as a matter of law on the issues within its motion and that trial is the appropriate course of action if the court disagrees with that assessment. *Miller v. LeSea Broadcasting, Inc.*, 87 F.3d 224, 230 (7th Cir. 1996). With these principles in mind, we turn to the parties' motions.

## DISCUSSION

### A. Motion of Estate of Anthony E. Cole

The motion of the estate of Anthony E. Cole advances a single pertinent proposition: that the estate was not designated in either form as a beneficiary of plan assets in the event of Anthony E.'s death. As a result, the estate requests summary judgment that it is not entitled to any benefits under the plan. No other party has disputed this assertion, and an inspection of the forms confirms that the estate was not

named.  Accordingly, we grant summary judgment that the estate is not entitled to any plan assets and dismiss the estate as a party from this suit.

**B.  Motion of Anthony A. Cole and Allison Cole and Motion of the Estate of Velton Cole**

These two motions are truly cross motions, in that they take opposite positions on whether Velton's estate is entitled to any portion of the plan assets.  The children insist that Velton takes nothing for two reasons.  First, they assert that Velton and Anthony E. were no longer married at the time of his death, meaning that she had no entitlement as a spouse.  The second reason focuses on the effect of the order of deaths.  According to the children, Velton's interest in Anthony E.'s was dependent on her surviving him.  Because her medical death preceded his, the children were left as the sole beneficiaries at their father's death, despite the temporal proximity and circumstances of the two deaths.

Velton's estate's motion contends that the couple were still married at the time of their deaths, leaving her spousal entitlement to 50% of the plan assets intact.  The motion also contends that the order of medical deaths is not necessarily dispositive of Velton's status as beneficiary, as the legal timing of their deaths can be reversed by operation of the Illinois slayer statute.  755 ILCS 5/2-6.  The statute provides that any "person who intentionally and unjustifiably causes the death of another shall not

receive any property, benefit, or other interest by reason of the death....[t]he property benefit, or other interest shall pass as if the person causing the death died before the decedent." *Id.*

The issues presented by these motions depend heavily on disputed facts with regard to the existence of the marriage, the outcome of the incomplete state proceeding, and undeveloped issues of law. For instance, the parties have not addressed the question of whether, in an ERISA context, the Illinois slayer rule or federal common law would apply.[3] In dicta, the Supreme Court has indicated that slayer statutes could affect beneficiary status, specifically citing the Illinois statute as an example of such a statute. *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 152, 121 S. Ct. 1322, 1330 (2001). Assuming that federal common law would not control, it is far from clear whether the Illinois slayer statute would apply in this circumstance in light of the fact that Anthony E. has not been determined to have intentionally and unjustifiably caused Velton's death. If the Illinois rule does apply, a secondary determination - whether Anthony E. stood to benefit from Velton's death and his own - would be necessary before we could decide whether the rule reverses the legal timing of their deaths, as

_____

[3]Though the children discuss the issue of ERISA preemption, the authority that they cite addresses situations that do not involve the slayer rule. Consequently, the argument they have provided would be beside the point even if all the operative facts were established.

opposed to the medical timing. *See Prudential Ins. Co. of Am. v. Athmer*, 178 F.3d 473, 475-77 (7th Cir. 1999). Furthermore, the parties have not discussed whether the slayer rule bars or limits recovery by third parties not involved in the killing. *See*, *e.g.*, *In re Estates of Covert*, 761 N.E.2d 571, 576-77 (N.Y. 2001).

In short, both of these motions present disputes as to material facts, and neither currently demonstrates that the moving party is entitled to judgment as a matter of law on the issues presented in the motion. Accordingly, both motions are denied without prejudice.

## CONCLUSION

Based on the foregoing, the motion for summary judgment of the Estate of Anthony E. Cole is granted. The motions of Anthony A. and Allison Cole and of the Estate of Velton Lacefield Cole are denied without prejudice.

_____
Charles P. Kocoras
United States District Judge

Dated:  June 21, 2007